UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KIMBERLY R. JOHNSON,              )
                                 )
                Plaintiff,        )
                                 )
v.                               )        No.:  3:07-CV-96
                                 )              (VARLAN/SHIRLEY)
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
                Defendant.        )

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of plaintiff's

objections [Doc. 15] to the report and recommendation ("R&R") filed by United States

Magistrate Judge C. Clifford Shirley [Doc. 14].  Magistrate Judge Shirley found that the

Commissioner's decision that plaintiff is not disabled under sections 216(i) and 223(d) is

supported by substantial evidence in the record as a whole and that remand is inappropriate

under sentence six of 42 U.S.C. § 405(g).  Accordingly, Magistrate Judge Shirley

recommended that plaintiff's motion for summary judgment [Doc. 10] be denied and that

defendant's motion for summary judgment [Doc. 12] be granted.

Plaintiff filed an application for a period of disability and disability insurance benefits

with the Social Security Administration which was denied both initially and upon

reconsideration.  Plaintiff requested a hearing to review the denial of her claim which was

heard by an Administrative Law Judge ("ALJ") on August 22, 2006.  On September 12,

2006, the ALJ issued his decision finding that plaintiff was not disabled because she can

perform a reduced range of light work activity. Plaintiff appealed the ALJ's decision and submitted new evidence to the Appeals Council. The Appeals Council denied plaintiff's request for review and thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff filed a complaint before this Court for judicial review of the Commissioner's decision [Doc. 1]. The parties filed cross-motions for summary judgment [Docs. 10, 12], on which Magistrate Judge Shirley issued his R&R [Doc. 14].

## I.     Standard of Review

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If substantial evidence supports Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court

would have decided the case differently.  *Id.*; *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## II.    Analysis

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has now undertaken a *de novo* review of those portions of the R&R to which plaintiff objects.  In considering the plaintiff's objections to Magistrate Judge Shirley's determination, the Court has independently reviewed the entire record, including the R&R and the administrative record.  For the reasons that follow, plaintiff's objections will be overruled.

### A.    Objection to the ALJ's Failure to Find Plaintiff's Obesity Severe and Failure to Consider its Impact on Plaintiff's Ability to Work

Plaintiff first objects that the ALJ's failure to find plaintiff's obesity to be severe and the ALJ's failure to consider its impact on her ability to work.  Relying on Social Security Ruling 02-1p, plaintiff contends that the ALJ erred by not mentioning plaintiff's obesity in his decision or considering its impact on her other impairments and ability to work.  Social Security Ruling 02-1p states:

> When establishing the existence of obesity, we will generally rely on the judgment of a physician who has examined the claimant and reported his or her appearance or build, as well as weight and height.  Thus, in the absence of evidence to the contrary in the case record, we will accept a diagnosis of obesity given by a treating source or a consultative examiner.

The ALJ was not required to consider whether plaintiff's obesity was a severe impairment because he determined that one of plaintiff's other impairments was severe.  Determination of whether a claimant is disabled requires the ALJ to follow a five-step

analysis. 20 C.F.R. § 404.1520. The second step requires that the ALR determine whether the claimant has a severe impairment. *Id.* at § 404.1520(a)(4)(ii). "[U]pon determining that a claimant has one severe impairment, the Secretary [or the Commissioner] must continue with the remaining steps in his disability evaluation." *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *see also* 20 C.F.R. § 404.1520. In *Maziarz*, the claimant made the argument that the Secretary of Health and Human Services erred in failing to find that claimant's cervical condition constituted a severe impairment. 837 F.2d at 244. The Sixth Circuit disagreed with the argument, finding no error because the Secretary found that the claimant suffered from another severe impairment and moved on to the next step in the analysis. *Id.* The same is true here. The ALJ found that plaintiff's degenerative disc disease of the cervical and lumbar spine was a severe impairment and then moved on to the remaining steps in the analysis. (Tr. at 22.) Accordingly, determination of whether any of plaintiff's other impairments, including obesity, are severe was not necessary.

Plaintiff further argues that the ALJ erred in failing to consider plaintiff's degenerative disc disease in combination with her obesity and therefore the ALJ's determination of plaintiff's ability to work is not supported by substantial evidence. In considering whether a claimant is disabled and unable to work, "the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B). The regulations on this section state in part:

The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, subpt. P, appx. 1, pt. A, § 1.00(Q).

While plaintiff is correct that the ALJ did not specifically mention her obesity in his analysis of her ability to work, the record reflects that the ALJ considered plaintiff's ability to work based upon her overall condition as a result of the combination of all of her impairments including her obesity. The ALJ stated that he reviewed the entire record. (Tr. at 22.) The record that was before the ALJ includes notations of plaintiff's obesity and the limitations caused by her obesity. (*See, e.g.*, Tr. at 32; 34; 205; 208; 210.) The ALJ made findings regarding plaintiff's limitations and determined that though her impairments reduce her functional capacity, the reduction does not preclude all work activity. (Tr. at 23-24.) Because the ALJ considered the impact of plaintiff's overall condition and functionality on her ability to work, his determination is supported by substantial evidence. Accordingly, plaintiff's objection to Magistrate Judge Shirley's determination that the ALJ did not err in failing to conclude that plaintiff's obesity is a severe impairment or failing to consider the impact of plaintiff's obesity on her ability to work will be overruled.

**B.     Objection to Recommendation Regarding Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g)**

Plaintiff next objects to Magistrate Judge Shirley's determination that remand is inappropriate under the sixth sentence of 42 U.S.C. § 405(g). Sentence six provides that the reviewing court may remand for additional evidence to be taken before the Commissioner of Social Security "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). New evidence is material if there is a reasonable probability that the ALJ would have made a different determination if presented with the evidence. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

Good cause for the failure to present medical evidence at an earlier hearing requires the claimant to "give a valid reason for failing to obtain relevant examinations prior to the hearing." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *see also Dorsey v. Heckler*, 702 F.2d 597, 606 (5th Cir. 1983) (cited in *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)) (finding remand proper when claimant developed debilitating mental symptoms after the hearing before the ALJ). In *Willis*, the court found that remand was inappropriate because there was no contention that the onset of the claimant's impairment occurred after the hearing. 727 F.2d at 554. The court determined that the claimant had not demonstrated good cause because she made no showing that her symptoms

developed after the hearing and thus did not show that the doctor's examination and report could not have been made prior to the hearing.  *Id.*

Plaintiff argues that updated treatment records of Dr. Johnson, dated November 3, 2005 through January 29, 2007, and evidence from an examination by Dr. Loaiza on September 27, 2006 constitute new evidence that warrants remand.  Plaintiff particularly relies on Dr. Johnson's September 14, 2006 opinion that plaintiff can perform no lifting or carrying, can never kneel, balance, crouch, or crawl, can climb and/or stoop only 1/5 of an eight-hour day, and is limited in her ability to reach, handle, feel, and push/pull.  (*See* Tr. 223-24.)  Plaintiff also notes that Dr. Loaiza's report was based in part on a cervical MRI and indicates that her neck problems had recurred after her surgery.  (*See* Tr. 246-48.)

Plaintiff argues that she had good cause for not submitting this evidence at the hearing simply because it "did not exist at the time of the administrative hearing."[1]  [Doc. 17.]  The

---

[1]Plaintiff cites Second Circuit case law which states that a claimant is authorized to submit new and material evidence to the Appeals Council and that this evidence becomes part of the administrative record for judicial review if the new evidence relates to the time period before the ALJ's decision and the Appeals Council denies review.  [Doc. 15 (citing *Schaal v. Apfel*, F.3d 496, 506 n.8 (2d Cir. 1998);  *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996).]  The issue here is whether it is appropriate for the Court to remand this case to the ALJ for his consideration of the new evidence and not whether the new evidence becomes part of the administrative record for the purpose of judicial review.  Even if this issue were before the Court, the cases plaintiff cites are contrary to Sixth Circuit jurisprudence.  The court in *Perez* recognized that the Sixth Circuit takes the opposite stance as the Second Circuit, that is, that new evidence presented for the first time to the Appeals Council does not become part of the record. 77 F.3d at 44 (citing *Cotton*, 2 F.3d at 695-96).  *Cotton* states that when the Appeals Council denies review, the district court reviewing the decision of the ALJ cannot consider the new evidence that was not before the ALJ for the purpose of determining whether the ALJ's decision was supported by the record.  2 F.3d at 695-96. On the issue in question here, the *Cotton* court notes that the court cannot remand for consideration of new evidence unless the requirements of 42 U.S.C. § 405(g) are satisfied.  *Id.* at 695.

Court recognizes that the ALJ issued his decision on September 12, 2006 without this information. However, the standard for good cause is not whether the evidence existed at the time of the hearing, but rather, whether plaintiff has a valid reason for not presenting the evidence at the hearing. *See Cotton*, 2 F.3d at 695. Plaintiff has made no showing that she did not have the symptoms documented in this evidence at the time of the hearing or any other reason why these doctors' reports could not have been obtained prior to the hearing before the ALJ. In fact, considering the close proximity in time between the ALJ's determination and Dr. Johnson's September 14, 2006 opinion and Dr. Loaiza's September 27, 2006 evaluation, it is likely that plaintiff could have notified the ALJ that the new evidence would be forthcoming or scheduled earlier appointments with her doctors so that the evidence could have been provided to the ALJ prior to his determination. Thus, the Court finds that plaintiff has failed to show good cause and does not need to address whether the evidence is material. Accordingly, plaintiff's objection to Magistrate Judge Shirley's determination that remand is not appropriate under the sixth sentence of 42 U.S.C. § 405(g) will be overruled.

### III.    Conclusion

Finding no error in the R&R, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying plaintiff's application for disability insurance benefits; and dismiss this case.  An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE